IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**COREY A. THORSON**                                                                                          **PLAINTIFF**

V.                                              2:21CV00041 JM

**USA; FEDERAL BUREAU OF**
**PRISONS; FCI FORREST CITY LOW**                                             **DEFENDANTS**

## ORDER

Plaintiff Corey Thorson paid the filing fee and initiated this case *pro se* in April 2021. Pending before the Court are Thorson's motion for default judgment (Doc. 15) and Defendants' motion to dismiss for insufficient process (Doc. 16). Neither party responded to the other's motion. For the reasons stated below, Defendants' motion to dismiss (Doc. 16) is granted; Thorson's motion for default judgment (Doc. 15) is denied as moot; and Thorson's case is dismissed without prejudice.

While proceeding *pro se*, Thorson is not indigent and is responsible for completing good service under the federal rules. Thorson has twice been warned of his responsibilities and encouraged to review Fed. R. Civ. P. 4 to better understand what was expected of him. (Docs. 2, 11). Despite these warnings, service has been an issue since this case began in April.

Defendants move for dismissal arguing that Thorson has failed to perfect process and service in the following ways: (1) the summonses issued by Thorson lacked the clerk's signature and seal as required by Rule 4(a)(F) and (G); (2) Thorson improperly personally served the summonses in violation of Rule 4(c)(2); and (3) Thorson failed to serve the United States Attorney for the Eastern District of Arkansas as required by Rule 4(i)(1)(A)(i). The Court agrees.

First, the federal rules require a summons to be signed and stamped by the Clerk of Court. *See* Fed. R. Civ. P. 4(a)(1)(F) and (G). The summonses issued by Thorson lack both. (Doc. 5 at 3-

4, 6-7; Doc. 9 at 3-5; Doc. 12 at 19-20). Defendants correctly assert that the Clerk's signature and stamp demonstrate the authenticity of the document. And, the Rule governing the content of summons is inclusive and mandatory. *See* Rule 4(a)(1).

Second, Rule 4(c)(2) plainly states that service may be made by any party who is over 18 and who is <u>not</u> a party to the lawsuit. Thorson issued and mailed the summonses himself as evidenced by his personal letter to defendants and the use of his return home address on the summonses. (Doc. 5 at 2-3, 5-6; Doc. 9 at 3). Third, while Thorson hired a process server to assist with service on FCI Forrest City, proper service was still not achieved as the process server also attempted to serve Warden Hendrix rather than that United States Attorney for the Eastern District of Arkansas as Rule 4(i)(1)(A)(i) requires. As a result of these defects, Thorson has failed to properly serve Defendants.

Once Defendants challenged process and service, the burden shifted to Thorson to refute the allegations. *See Fouche v. United States*, 2021 WL 5567302, *3 (E.D. AR. Nov. 29 2021); *Arkansas United v. Thurston*, 517 F.Supp.3d 777, 783 (W.D. AR. 2021). Thorson has not done so. Rather, despite Defendants' motion serving as an outline of exactly how to perfect process and service, Thorson has continued to make no effort to correct the named mistakes. For these reasons, Defendants' motion to dismiss for insufficient process and insufficient service of process is granted. Thorson's complaint will be dismissed without prejudice. Thorson's motion for default judgment is denied as moot. An *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3).

IT IS SO ORDERED this 27th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE