IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**COREY A. THORSON**                                                                                    **PLAINTIFF**

**V.**                                                    **2:21CV00041 JM**

**USA;  FEDERAL BUREAU OF
PRISONS;  FCI FORREST CITY LOW**                                                **DEFENDANTS**

**ORDER**

On December 27, 2021, this Court dismissed Thorson's complaint without prejudice for insufficient process and insufficient service of process under the Federal Rules of Civil Procedure. (Doc. 18). In dismissing Thorson's case, this Court determined that (1) the summonses issued by Thorson lacked the clerk's signature and seal as required by Rule 4(a)(F) and (G); (2) Thorson improperly personally served the summonses in violation of Rule 4(c)(2); and (3) Thorson failed to serve the United States Attorney for the Eastern District of Arkansas as required by Rule 4(i)(1)(A)(i). Relying on FED. R. CIV. P. 59, Thorson seeks reconsideration and time to complete service once his case is reopened. (Doc. 20). For the reasons state below, his motion is denied.

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal citations omitted). Thorson points to a number of issues in support of his motion. First, Thorson explains he did not respond to the Defendant's motion to dismiss because he was jailed in McCracken County, Kentucky from November 3, 2021 until December 17, 2021. (Doc. 20). He also asks for lenience as a *pro se* litigant. Thorson's assertion that he had no access to mail while jailed is unbelievable. The Court routinely receives all sorts of mail from persons both jailed and imprisoned. Even if Thorson were unaware of the motion to dismiss while jailed, he offers no reason why, upon his release he still made no effort to monitor his case or respond. In fact, it was

Thorson's responsibility to update the Court of any changes of address, including temporary changes. Thorson was warned of this and other responsibilities as a *pro se* litigant under Local Rule 5.5(c)(2) including that he monitor the progress of his case and prosecute and defend the action diligently. (Doc. 2). Thorson failed to do so. That failure does not warrant reconsideration.

Thorson next points to the Court's August 17, 2021 Order re-opening his case arguing that, in granting his "Motion for Reconsideration and Proof of Service," the Court deemed service complete. Thorson ignores that the Court subsequently stated, "the Court granted Thorson's motion for reconsideration and reopened the case. (Doc. 8). In doing so, the Court made no finding as to whether Thorson's service . . . would survive a challenge under FED. R. CIV. P. 12(b)." (Doc. 11) (emphasis added). When so challenged, the Court correctly determined that Thorson's service attempts failed as a matter of law.

Finally, Thorson challenges the Court's ruling that he failed to serve the United States Attorney for the Eastern District of Arkansas. (Doc. 20 at 3). Thorson says he mailed "a copy of service" to the U.S. Attorney for the Eastern District on April 20, 2021 and offers an affidavit from his mother, an employee of the United States Postal Service, as evidence. (Doc. 20 at 7). His mother says she mailed five pieces of mail on April 16, 2021, including one that was sent to the U.S. Attorney's Office. (*Id.*). The affidavit is silent as to what was mailed. Regardless of what was mailed or when, Thorson did not file proof of service as required under Fed. R. Civ. P. (l)(a). In any event, Thorson has made no attempt to set aside the Court's other reasons for dismissing his case. Accordingly, Thorson's motion for reconsideration (Doc. 20) is denied.

IT IS SO ORDERED this 15th day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE